UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASMAN DAWONE HOLMAN,

Plaintiff,

v.

L. MARIAH,

Defendants.

Case No. 2:26-cv-2135-JDP (P)

ORDER

Plaintiff, a state prisoner proceeding without counsel, brings this action and has named four defendants who purportedly reside in Los Angeles County.  Given that plaintiff is suing a member of the Los Angeles District Attorney's Office, it appears that the events giving rise to this action occurred in that county.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

1

In this case, it appears that plaintiff's claims arose in Los Angeles County, and the only defendants reside in that county.  Thus, venue properly lies in the Central District of California.  28 U.S.C. § 84 (d).  For the convenience of the parties and witnesses and in the interests of justice, this case will be transferred to the Central District of California.  *See* 28 U.S.C. § 1391(b).

Accordingly, it is hereby ORDERED that this case is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.


Dated:     June 25, 2026             _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2